[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

———————————————

No. 08-10944
Non-Argument Calendar

———————————————

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 16, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-20807-CR-PCH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JASON WILLIAMS,

Defendant-Appellant.

———————————————

Appeal from the United States District Court
for the Southern District of Florida

———————————————

(January 16, 2009)

Before BARKETT, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Jason Williams appeals his 120-month sentence for possessing firearms and

ammunition as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Williams argues that his sentence was unreasonable because the district court failed to adequately consider his personal history and circumstances.

We review the sentence imposed by the district court for reasonableness, and the party challenging that sentence bears the burden of establishing that the sentence is unreasonable. *United States v. Talley*, 431 F.3d 784, 785, 788 (11th Cir. 2005). When reviewing for reasonableness under a deferential abuse-of-discretion standard, we "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence – including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. ___, 128 S. Ct. 586, 591, 597, 169 L. Ed. 2d 445 (2007). If the district court made no procedural errors, we should then consider the substantive reasonableness of the sentence imposed by inquiring whether the sentence is supported by the 18 U.S.C. § 3553(a) factors. *Gall*, 552 U.S. at ___, 128 S. Ct. at 600.

The district court need not state on the record that it has explicitly

considered each factor and need not discuss each factor. *Talley*, 431 F.3d at 786; *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005). Rather, "an acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient under *Booker*." *Talley*, 431 F.3d at 786; *Scott*, 426 F.3d at 1329-30. The weight accorded to the 3553(a) factors is within the district court's discretion. *See United States v. Clay,* 483 F.3d 739, 743 (11th Cir. 2007).

Upon review of the record, and upon consideration of the briefs, Williams has not demonstrated that his 120-month sentence is unreasonable. The district court made no procedural error in calculating his offense level or criminal history. The district court treated the Guidelines as advisory, gave both parties an opportunity to object to the PSI, considered the factors in 18 U.S.C. § 3553(a), and weighed those factors in a manner that it found to be appropriate before imposing the statutory maximum sentence of 120 months' imprisonment. This sentence is lower than the Guidelines range of 130 to 162 months for an offense level of 28 and criminal history of V. The sentencing hearing transcript reflects that the district court considered Williams' traumatic and troubling past, but balanced it against the need to protect the public from future harm. Additionally, the fact that he might have received a lower sentence had he been convicted in a state court for

3

the same offense is not evidence that his 120-month sentence is unreasonable.

Accordingly, we affirm.

**AFFIRMED**.